UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ISAAC HUBBERT,

       Petitioner,

  -v-                                                                             20-CV-232
                                                                                ORDER

STATE OF NEW YORK,

       Respondent.

_____

       The *pro se* petitioner, Isaac Hubbert, is a prisoner confined at the Marcy Correctional Facility. He submitted a petition for a writ of habeas corpus alleging that his 2019 conviction in New York State Supreme Court, Monroe County, was unconstitutionally obtained. Docket Item 1. Hubbert also moved for leave to proceed *in forma pauperis*, Docket Item 2, and he has asked this Court to subpoena the assistant district attorney in his state case, Docket Item 4, and to appoint counsel, Docket Item 5.

       Because Hubbert meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required prison certification, Docket Item 2, the Court grants his motion to proceed *in forma pauperis*. For the reasons that follow, the Court denies Hubbert's motions for a subpoena and for appointment of counsel, Docket Items 4 and 5, and orders Hubbert to **show cause on or before May 11, 2020,** why his petition should not be dismissed for failure to exhaust his state-court remedies.[1]

---

[1] Hubbert also has filed several letters urging this Court to release him immediately due to safety concerns in prison. Docket Items 6, 8, and 9. As explained in this order, however, this Court does not have jurisdiction to consider Hubbert's habeas petition if he has not yet exhausted his state claims.

**DISCUSSION**

**I.    FAILURE TO EXHAUST STATE-COURT REMEDIES**

28 U.S.C. § 2254 states that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001).

Here, Hubbert acknowledges that his appeal of his 2019 conviction has not yet been decided by the New York State Supreme Court, Appellate Division, Fourth Department—an intermediate appellate court. *See* Docket Item 1 at 12. After receiving a decision from the Fourth Department, he still will need to present his claims to the state's highest court—the New York State Court of Appeals—and wait for that court's decision before he can pursue his claims in federal court.

Therefore, it appears that Hubbert's claims have not been properly exhausted. The United States Court of Appeals for the Second Circuit, however, has held that a federal district court should not dismiss a federal habeas claim *sua sponte* without giving the petitioner notice and an opportunity to be heard. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). Accordingly, Hubbert is directed to show cause in writing, **no later than May 11, 2020**, why the petition should not be dismissed for failure to exhaust his state court remedies.

## II. MOTION FOR A SUBPOENA

Hubbert has requested that this Court "subp[oe]na [Assistant District Attorney Kevin Sutherland] to answer [Hubbert's New York Criminal Procedure Law Section 440.10] motion and award [him] a court day." Docket Item 4 at 1. This Court's power on a 2254 habeas petition is limited to determining whether the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," and if so, releasing him. *See* 28 U.S.C. § 2254(a). This Court does not have the power to order a state prosecutor to respond to a motion filed in state court, nor can it force a state court to set a court date. Hubbert's motion for a subpoena is therefore denied.

## III. MOTION TO APPOINT COUNSEL

Hubbert also has asked this Court to appoint counsel for him. Docket Item 5. Under 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). It is well established that prisoners have no constitutional right to counsel when collaterally attacking their convictions, however. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Instead, appointment of counsel is generally within the court's discretion. *See In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).

Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel if an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c); *see also Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007). Here, however, there is no indication that an evidentiary hearing will be required. Moreover, the petitioner has not provided the Court with any information

3

indicating that the interests of justice require the appointment of counsel. If, upon review, the Court determines that an evidentiary hearing is required or that the interests of justice require appointment of counsel, the Court will appoint counsel at that time.

## **CONCLUSION**

For the foregoing reasons, Hubbert is directed to show cause in writing, **no later than May 11, 2020**, why the petition should not be dismissed because he has not exhausted his state court remedies. Hubbert's response to this order shall not exceed **five (5)** pages in length.

Hubbert **is advised that his failure to comply with this order as directed will result in the automatic dismissal of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court without further order or notice to him**. If Hubbert does not comply with this order **by May 11, 2020**, the Clerk of Court shall dismiss the petition without prejudice. Such dismissal shall **not** constitute a dismissal on the merits for purposes of 28 U.S.C. § 2244(b) and therefore would not preclude the filing of another petition.

Hubbert's motion for a subpoena, Docket Item 4, and his motion to appoint counsel, Docket Item 5, are DENIED.

The issues raised here are not the type of issues that a court could resolve in a different manner, and these issues are not debatable among jurists of reason. Therefore, if Hubbert fails to show cause as required by this order and the Court dismisses his petition, Hubbert will have failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from a judgment dismissing the petition pursuant to this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: April 10, 2020
Buffalo, New York

    */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE