PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ISAAC HUBBERT,

              Petitioner,

     -v-                                  20-CV-232-LJV
                                           ORDER

STATE OF NEW YORK,

              Respondent.
_____

The *pro se* petitioner, Isaac Hubbert, is a prisoner confined at the Marcy

Correctional Facility.  He submitted a petition for a writ of habeas corpus under 28

U.S.C. § 2254 alleging that his 2019 conviction in New York State Supreme Court,

Monroe County, was unconstitutionally obtained.  Docket Item 1.  In his petition,

Hubbert acknowledged that his direct appeal of the conviction had not yet been decided

by the New York State Supreme Court, Appellate Division, Fourth Department.  *Id.* at

12.

On April 10, 2020, this Court directed Hubbert to show cause why his petition

should not be dismissed for failure to exhaust his state court remedies as required

under 28 U.S.C. § 2254 (b)(1)(A).  Docket Item 10.  On April 20, 2020, Hubbert

responded.  Docket Item 11.  He subsequently filed two motions to appoint counsel.

Docket Items 12 and 14.

For the reasons that follow, this Court dismisses Hubbert's petition as

unexhausted and denies his motions to appoint counsel as moot.

## DISCUSSION

As the Court advised Hubbert in its prior order, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001).

It is clear—from the petition, and now from Hubbert's response to this Court's show-cause order—that his 2019 conviction is still pending before the New York State Supreme Court, Appellate Division, Fourth Department. *See* Docket Item 1 at 12 ("I have an open appeal with the state supreme court[ ] [a]nd the appellate division . . . ."); Docket Item 11 at 1 ("I have [written to] the 4th Department and I haven't got[ten] an answer back."); Docket Item 11 at 11 (letter from Hubbert's court-appointed appellate counsel, dated February 12, 2020, explaining that "the appeals process can be lengthy" and that she "will keep [Hubbert] informed of the progress of [his] appeal"). After a decision is issued by the Fourth Department, Hubbert then must present his claims to the New York Court of Appeals and receive a decision before he can pursue his claims in federal court. *See* N.Y. Crim. Proc. Law § 460.20.

Hubbert argues that some of the issues result from his attorney's ineffectiveness, and he apparently has raised that claim, among others, in a *pro se* motion under New

2

York Criminal Procedure Law § 440.10.  *See* Docket Item 11 at 3-8.  That motion likewise appears to still be pending.  *See id.* at 9 (Hubbert's appellate attorney's advising that his "440 motion . . . is the most appropriate place to raise any issues or evidence that are not in the record" and asking Hubbert to "please keep [her] informed of the progress of that motion").  If Hubbert wishes to bring before this Court any of the claims in his § 440 motion, he will have to exhaust those claims as well.  *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) ("To fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir. 1990))).

## CONCLUSION

For the reasons stated above, the petition is DISMISSED because Hubbert has not exhausted his state remedies.  His motions for the appointment of counsel, Docket Items 12 and 14, are DENIED AS MOOT.

The issues raised here are not the type of issues that a court could resolve in a different manner, and these issues are not debatable among jurists of reason. Therefore, Hubbert has failed to make a substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from a judgment dismissing the petition pursuant to this order would not be

taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v.*

*United States*, 369 U.S. 438 (1962).

       SO ORDERED.

Dated:      September 25, 2020
              Buffalo, New York

                         */s/ Lawrence J. Vilardo*
                         LAWRENCE J. VILARDO
                         UNITED STATES DISTRICT JUDGE